UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIKAS KHETERPAL,

    Plaintiff,

Case No. 24-cv-10033

v.

Hon. Sean F. Cox
JASON GEATER,      United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 4) IN PART AND HOLDING IT IN ABEYANCE IN PART PENDING SUPPLEMENTAL BRIEFING**

In this diversity case, Plaintiff Vikas Kheterpal alleges that Defendant Jason Geater stole his Mercedes-Benz G-Wagon ("Mercedes") when Geater had it towed from Kheterpal's Michigan home, and Kheterpal seeks recovery from Geater on a number of state common-law and statutory claims. Geater responds that *he* owned the Mercedes, which Kheterpal stole from *him* when Kheterpal purported to buy it from a California car dealership that Geater had consigned it to, but the dealership never gave title for the car to Kheterpal and never paid Geater for its sale. Geater further alleges that he is currently prosecuting a civil action against Kheterpal in a California state court to recover for Kheterpal's theft of his Mercedes.

Geater now moves the Court to dismiss this case under the *forum non conveniens* doctrine, transfer it under 28 U.S.C. § 1404(a), or abstain from exercising jurisdiction over it under the *Colorado River* doctrine in deference to Geater's pending state-court suit against Kheterpal. The Court declines to dismiss this case under the *forum non conveniens* doctrine, declines to transfer it under § 1404(a), and reserves a ruling on whether abstention is warranted pending supplemental briefing, which the parties are ordered to conduct.

1

**BACKGROUND**

The complaint in this case ("Complaint") was filed on January 5, 2024, and alleges the following facts. (ECF No. 1). On November 11, 2020, Geater, a California citizen, consigned the Mercedes to two entities that operate a California car dealership, namely, CNC Motors, Inc. and Lotus of Upland, LLC (together, "Dealership"). (ECF No. 1-2). On December 30, 2020, Kheterpal wired the Dealership $195,000.00 to purchase the Mercedes. (ECF No. 1-4).

The next day, Kheterpal signed a sales contract for the Mercedes with the Dealership (ECF No. 1-3) and arranged for the car to be shipped to his home in Ann Arbor, Michigan. The Dealership did not provide title to the Mercedes at the time of sale, but it "ensured [Kheterpal that] it would be forthcoming." (ECF No. 1, PageID.3). But title was not forthcoming, and the Dealership "made various excuses as to why Kheterpal had not received title to the [Mercedes] to date." (*Id.*; *see* ECF No. 1-9).

Two months later, on March 1, 2021, Geater reported the Mercedes as stolen with the California Department of Motor Vehicles ("DMV"). Kheterpal thereafter filed a complaint with the California DMV on July 19, 2021, regarding the Dealership's failure to deliver title to the Mercedes. (ECF No. 1-10). Geater later hired a private investigator to track down the Mercedes, who located it at Kheterpal's Michigan home and arranged for it to be towed.

On May 9, 2022, Kheterpal arrived at his home while a towing company that had been hired by Geater's private investigator, along with the Washtenaw County police department, were in the process of towing the Mercedes from Kheterpal's driveway. Kheterpal "immediately disputed the Washtenaw County police's ability to repossess the [Mercedes], and produced paperwork to that effect, to no avail." (ECF No. 1, PageID.4). The towing company "forcibly removed" the Mercedes from Kheterpal's driveway (*id.*) and this action followed.

The Complaint invokes the Court's diversity jurisdiction and raises several state-law claims against Geater: (1) "Claim and Delivery" (Count I); (2) "Common Law Conversion" (Count II); (3) "Statutory Conversion, Embezzlement and/or Theft" under section § 600.2919a of the Michigan Compiled Laws (Count III); (4) "Breach of Contract" (Count IV); (5) "Unjust Enrichment" (Count V); (6) "Promissory Estoppel" (Count VI); (7) "Intentional Infliction of Emotional Distress" (Count VII); and (8) "Fraud in the Inducement" (Count VIII). The Complaint also incorporates the allegation that Kheterpal "is a good-faith purchaser of the [Mercedes] who paid valuable consideration" under all eight of these claims. (*Id.* at 4).

Geater responded to the Complaint on March 4, 2024, by filing the instant motion (ECF No. 4), which alleges the following facts. Geater reported the Mercedes as stolen and hired a private investigator to retrieve it from Michigan. However, Geater only took these steps after he had learned that the Dealership had purported to sell the Mercedes to Kheterpal for less than the price permitted by Geater's consignment agreement with the Dealership (*see* ECF No. 4-3) and the Dealership never paid Geater's for the Mercedes.

On June 8, 2023, Geater filed suit against Kheterpal, the Dealership, and several John Doe defendants in the Superior Court of California, County of San Bernardino ("California Litigation").[1] (ECF No. 4-4). Geater seeks to recover for conversion, theft, and fraud in the California Litigation, which is still at the pleading stage. And Kheterpal served Geater with process in this case one day before the court in the California Litigation denied Kheterpal's motion to quash service of a summons. (ECF No. 4-5).

In the instant motion, Geater argues that the U.S. District Court for the Central District of California ("CDCA") is the most convenient venue for this case asks the Court to dismiss it

---

[1] Geater's suit is captioned *Geater v. Kheterpal, et al*, No. CIVSB2313175.

under the *forum non conveniens* doctrine or else transfer it to the CDCA under 28 U.S.C. § 1404(a). Geater moves the Court in the alternative to abstain from exercising jurisdiction over this case under the *Colorado River* doctrine.² For the reasons below, Geater's motion is denied in part and held in abeyance in part pending supplemental briefing.

## ANALYSIS

Geater's requests that this case be dismissed under the *forum non conveniens* doctrine or else transferred to the CDCA under 28 U.S.C. § 1404(a) fail because the *forum non conveniens* doctrine is obsolete Geater fails to show that this Court is a substantially less convenient forum than the CDCA.³ With respect to Geater's alternative request that the Court abstain from exercising jurisdiction over this case under the *Colorado River* doctrine, Geater also fails to show that this case and the California Litigation are parallel. However, significant judicial resources may be conserved if this case and the California Litigation are parallel, and therefore supplemental briefing on this issue is appropriate.

**I.      *Forum Non Conveniens* Doctrine and § 1404(a)**

The instant motion, which is entitled "Motion to Dismiss," states that Geater "seeks transfer under 28 U.S.C. § 1404(a) to the [CDCA]." (ECF No. 4, PageID.63). The motion states elsewhere that "this case should be transferred to the [CDCA] on *forum non conveniens* grounds." (*Id.* at 67). The motion concludes with a request "that the Court dismiss this suit." (*Id.* at 89). These statements conflate the *forum non conveniens* doctrine and § 1404(a).

---

² In connection with his *Colorado River* argument, Geater concludes that the Court should dismiss this case under Fed. R. Civ. P. 12(b)(1). Courts may alternatively stay a case under *Colorado River* as opposed to dismissing it, but both a dismissal and a stay under *Colorado River* amount to "a refusal to exercise federal jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

³ The Court rules on these issues without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

4

"Following the enactment of 28 U.S.C § 1404(a) in 1962, the doctrine of *forum non conveniens* now applies only in cases in which the alternative forum is in another country. If another federal district is an alternative forum, dismissal on grounds of *forum non conveniens* is inapplicable and § 1404(a) applies." *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523 n.1 (6th Cir. 2010). And § 1404(a) "provide[s] for *transfer*, rather than *dismissal*, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (emphasis added). Because Geater alleges that the CDCA is the more convenient forum, dismissal of this action on *forum non conveniens* grounds would be improper.

To the extent that Geater seeks a transfer to the CDCA under § 1404(a), this Court "must evaluate both the convenience of the parties and various public-interest considerations" and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013) (quoting § 1404(a)). Geater argues that this case should be transferred to the CDCA for two reasons, neither of which are persuasive.

*First*, Geater argues this case should be transferred to the CDCA because this Court "is substantially less convenient than in a California forum where that state's laws *necessarily* will be applied to the facts." (ECF No. 4, PageID.84 (emphasis added)). But this is a diversity action, and a "transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Consequently, the CDCA would not *necessarily* apply Michigan law to resolve this case.

*Second*, Geater asserts that the CDCA is a more convenient venue because "all the evidence, parties, and witnesses" relevant to this case are in California. (ECF No. 4, PageID.84).

5

Although the "relative ease of access to sources of proof" is relevant to the question of whether a transfer is warranted under § 1404(a), so are "the availability [and cost] of compulsory process for attendance of unwilling" and "the plaintiff's choice of forum." *Atlantic Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

Geater does not explain why this Court's subpoena power would fail to secure the presence of any witnesses or why such compulsory process would be too costly. Geater also does not explain why the Court should give greater weight to the location of the proofs in this case than on Kheterpal's decision to bring suit in this Court. Consequently, transfer of this case to the CDCA under § 1404(a) is not warranted.

**II.**     ***Colorado River* Doctrine**

Geater alternatively asks the Court to abstain from exercising jurisdiction over this case under the rule announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The Sixth Circuit endorsed a two-prong test for evaluating whether *Colorado River* abstention is warranted in *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998). This Court "must first determine that the concurrent state and federal actions are actually parallel." *Id.* at 339. And if the actions are parallel, then this Court must "careful[ly] balance" eight factors "depending on the particular facts at hand." *Id.* at 341 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

With respect to the first prong of this test, "'exact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'" *Id.* at 430 (alteration in original) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). And concurrent state and federal-court proceedings are substantially similar if they are "predicated on the same allegations as to the same material facts," notwithstanding the identity of the parties.

6

Courts in this Circuit have described the substantial-similarity requirement as follows: "Where the federal case raises issues that will not be resolved by the state proceeding, the federal court should not abstain." *Walker v. Louisville/Jefferson Cnty. Metro Gov't*, 583 F. Supp. 3d 887, 897 (W.D. Ky. 2022); *see also Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 929 (N.D. Ohio 2021); *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 360 F. Supp. 3d 714, 722–23 (M.D. Tenn. 2019); *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 603 (W.D. Tenn. 2011). As such, the California Litigation and this case are parallel if the California Superior Court will necessarily resolve a factual dispute that is material to Kheterpal's claims in this action.

However, Geater does not discuss any such facts. Instead, he points to the Complaint's allegation that Kheterpal is a bona fide purchaser of the Mercedes, which the Complaint incorporates under Counts I–VIII. Geater concludes the California Superior Court will necessarily resolve this *legal* question, and that it is material to Kheterpal's claims in this action.

Geater's argument rests on two inferences that require further support: (1) this Court will necessarily reach the question of whether Kheterpal is a bona fide purchaser of the Mercedes to resolve this action if it does not abstain from exercising jurisdiction; and (2) the facts material to this legal determination will necessarily be resolved in the California Litigation. The starting point for both inquiries is Michigan law because "[a] federal court sitting in diversity must apply the choice-of-law rules of the forum state." *Union Home Mortg. Co. v. Cromer*, 31 F.4th 356, 366 (6th Cir. 2022).

Significant judicial resources would be conserved if this action and the California Litigation are parallel. Consequently, supplemental briefing on this issue is appropriate.

7

**CONCLUSION & ORDER**

Geater fails to show that dismissal of this case under the *forum non conveniens* doctrine or a transfer to the CDCA under § 1404(a) would be appropriate. And it is unclear whether this case and the California Litigation are parallel under the *Colorado River* doctrine, and substantial judicial resources may be preserved if they are.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Jason Geater's Motion to Dismiss (ECF No. 4) is **DENIED IN PART** and **HELD IN ABEYANCE IN PART**. Defendant's Motion is **DENIED** to the extent that it seeks dismissal of this case under the *forum non conveniens* doctrine and a transfer under 28 U.S.C. § 1404(a). The remainder of Defendant's Motion is **HELD IN ABEYANCE** pending supplemental briefing.

**IT IS FURTHER ORDERED** that Defendant Jason Geater shall file a supplemental brief of **eight or fewer** pages **on or before [June 21, 2024**, addressing **only** whether this case and the California Litigation are parallel under the *Colorado River* doctrine.

**IT IS FURTHER ORDERED** that Plaintiff Vikas Kheterpal shall file a response brief of **eight or fewer** pages **on or before June 28, 2024**, addressing **only** Plaintiff Jason Geater's supplemental brief.

**IT IS SO ORDERED.**

Dated:  June 12, 2024                             s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge