UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIKAS KHETERPAL,

    Plaintiff,                                                Case No. 24-cv-10033

v.

                                                           Hon. Sean F. Cox

JASON GEATER,                                 United States District Court Judge

    Defendant.
_____/

## **OPINION & ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 4)**

The parties in this case dispute whether Defendant Jason Geater stole Plaintiff Vikas Kheterpal's car or the other way around. Before this case began, Geater had filed suit in California seeking damages for Kheterpal's alleged theft of the disputed vehicle, and that action remains pending. In this action, Kheterpal seeks claim and delivery of the same vehicle and as well as damages for Geater's allegedly tortious conduct.

Geater now moves the Court to abstain from exercising jurisdiction over this case under the *Colorado River* doctrine in deference to his pending state-court action against Kheterpal. However, Geater fails to show that this case and his state-court action are parallel. Further, because Kheterpal seeks claim and delivery in this action and Geater possesses the disputed car, this Court may yet obtain exclusive jurisdiction over the car. Accordingly, the Court denies Geater's motion to dismiss.

## BACKGROUND

In November 2020, Geater and two entities that operate a car dealership in California—CNC Motors, Inc. and Lotus of Upland, LLC (together, "Dealership")—executed a consignment agreement for Geater's Mercedes-Benz G Wagon ("Mercedes"). While Kheterpal was visiting

1

California the following month, the Dealership purported to sell him the Mercedes under a sales contract and he wired the Dealership nearly $200,000.

Geater says that he never received any of the money that Kheterpal allegedly paid the Dealership for the Mercedes, and he eventually hired a private investigator to track down the car. Geater's investigator found the vehicle parked in Kheterpal's driveway in Ann Arbor, Michigan, and arranged to have it towed.  According to Kheterpal, a towing company "forcibly removed" the Mercedes from his driveway over his objections in May 2022, and this action followed. (ECF No. 1, PageID.4).

After recovering the Mercedes from Kheterpal, Geater filed suit against him, the Dealership, and twenty John Doe defendants in the Superior Court of California for the County of San Bernardino ("California Litigation") in June 2023.[1]  Geater pled similar claims in the California Litigation that Kheterpal pleads in this action.

In this action, Kheterpal invokes the Court's diversity jurisdiction and pleads claims against Geater arising under Michigan law.  Specifically, the Complaint asserts claims for: (1) claim and delivery under section 600.2920 of the Michigan Compiled Laws (Count I); (2) common-law conversion (Count II); (3) statutory conversion under section 600.2919a of the Michigan Compiled Laws (Count III); (4) breach of the sales contract for the Mercedes (Count IV); (5) unjust enrichment (Count V); (6) promissory estoppel (Count VI); (7) intentional infliction of emotional distress (Count VII); and (8) fraud in the inducement (Count VIII).

In the California Litigation, Geater seeks to recover damages from Kheterpal (and the other defendants) for civil theft under section 496 of the California Penal Code and common-law

---

[1] That case is captioned "*Geater v. Kheterpal et al.*" and has been assigned case number CIVSB2313175.

2

conversion. Geater also seeks to recover from the Dealership and the John Doe defendants for breach of his consignment agreement for the Mercedes and fraud. Discovery in the California litigation is underway, and trial is scheduled for January 2025. Kheterpal did not assert any counterclaims against Geater in the California Litigation.

Geater filed the instant motion in March 2024, which he styles as a "Motion to Dismiss." (ECF No. 4). That motion asks the Court to abstain from exercising jurisdiction over this case under the *Colorado River* doctrine; dismiss this case under the *forum non conveniens* doctrine; or else transfer this case under 28 U.S.C. § 1404(a). Geater's motion was fully briefed and the Court denied it in part and held it in abeyance in part on June 12, 2024. (ECF No. 10).

The Court denied Geater's motion to the extent that it sought a dismissal under the *forum non conveniens* doctrine or a transfer under § 1404(a) and held Geater's request for *Colorado River* abstention in abeyance pending supplemental briefing. That supplemental briefing has concluded and the Court held a hearing on Geater's request for *Colorado River* abstention on August 29, 2024. Geater's request for *Colorado River* abstention is ripe for review and the Court denies it for the following reasons.

## ANALYSIS

Under the *Colorado River* doctrine, courts may abstain from exercising jurisdiction over a case "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). In *Romine v. Compuserve Corp.*, the Sixth Circuit explained that abstention under the doctrine is improper unless "the concurrent state and federal actions are actually parallel," and the balance of eight factors weigh in favor of abstention. 160 F.3d 337, 339, 341 (1998).

3

State and federal actions are actually parallel if "the parties [to the state and federal actions] are substantially similar," and the claims in the federal action "are predicated on the same allegations as to the same material facts" as the claims in the state action. *Id.* at 340. Here, the parties to this action and the California Litigation are substantially similar.

With respect to the second prong of the *Romine* test, *Colorado River* explained that "a district court must consider such factors as (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained." *Romine*, 160 F.3d 337 at 340–41. In later cases, the U.S. Supreme Court has also considered "(5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." *Id.* at 341.

Geater argues that he prevails at both steps of the *Romine* test. Geater also concludes that the California Superior Court's assumption of jurisdiction over the Mercedes not only weighs in favor of abstention at step two of the *Romine* test but might also have divested other courts (such as this Court) of concurrent jurisdiction over the vehicle. The Court disagrees.

I.      **Whether this Action and the California Litigation are Parallel**

Geater asserts, without citation to any authority, that this action and the California Litigation are parallel because "[a]djudication of [Kheterpal]'s conversion and derivative claims will require threshold determination of title to the [Mercedes] under California law." (ECF No. 12, PageID.267). Implicit in this argument is Geater's conclusion that the California Superior Court will reach the same question. Geater's naked legal conclusion that this Court must apply California law to this action is insufficient to show that this action and the California Litigation are parallel.

To understand why, consider Kheterpal's claim-and-delivery claim in this case. Per Michigan's claim-and-delivery statute, "A civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained." Mich. Comp. Laws Ann. § 600.2920(1) (West 2010). That statute also recognizes that courts may seize disputed property pending final judgment. *See id.* § 600.2920(1)(d); *see also* Fed. R. Civ. P. 64.

Geater presumes that California law governs whether Kheterpal is entitled to claim and delivery because California law controls whether he or Kheterpal own the Mercedes. However, Michigan courts consult Michigan's Motor Vehicle Code to determine whether a party is entitled to claim and delivery of a vehicle. *See, e.g.*, *Whitcraft v. Wolfe*, 384 N.W.2d 400, 404–05 (Mich. Ct. App. 1985). Because this Court is sitting in diversity, it must do the same unless Michigan's choice-of-law rules say otherwise. And Geater does not explain why Michigan courts would apply California law to resolve this action.[2]

As such, Geater fails to show that this action and the California Litigation are parallel.

## II.     Jurisdiction Over the Mercedes

At oral argument, Geater stated that the California Superior Court's assumption of jurisdiction over the Mercedes weighed in favor of abstention and arguably divested this Court of any concurrent jurisdiction over the vehicle. This conclusion is misguided.

It is true "that, of two courts having concurrent jurisdiction in rem, one first taking possession acquires exclusive jurisdiction." *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 198 (1935). Similarly, "[w]hen a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is

---

[2] If a party must prove the same facts to show ownership of a vehicle under California law that he or she must prove to prevail under Michigan's claim-and-delivery statute, then this case and the California Litigation are parallel regardless of whether Michigan law supplies the substantive rule of decision in this action. But the Court may not assume, as Geater does, that this is the case.

thereby withdrawn from the jurisdiction of all other courts." *Wabash R.R. Co. v. Adelbert Coll. of the W. Reserve Univ.*, 208 U.S. 38, 54 (1908). But these principles do not help Geater.

This Court has concurrent jurisdiction over the Mercedes because the California Litigation is *in personam* and Geater is in possession of the vehicle. There is also no danger that the California Superior Court *will* assume exclusive jurisdiction over the Mercedes during the pendency of this action because the party out of possession (Kheterpal) does not ask that court to seize the car.

The same logic does not apply in reverse to the California Litigation because Michigan's claim-and-delivery statute and the Federal Rules of Civil Procedure authorize prejudgment seizures of disputed property. As such, if this Court seizes the Mercedes pending final judgment in this case, then *the California Superior Court* would arguably be divested of *its* concurrent jurisdiction over the Mercedes, and not the other way around.

In sum, this Court has the "power to render any judgment which invades or disturbs the possession of the [Mercedes]," and this Court may yet exercise that power to the exclusion of the California Superior Court. *Id.* This weighs strongly against abstention.

## CONCLUSION & ORDER

Geater fails to persuade the Court that it should abstain from exercising jurisdiction over this action under the *Colorado River* doctrine. Accordingly, **IT IS ORDERED** that Defendant Jason Geater's Motion to Dismiss (ECF No. 4) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 18, 2024